IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID EDGAR BENNETT                                              PLAINTIFF

vs.                          Civil No. 2:16-cv-02049

NANCY A. BERRYHILL                                         DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

David Edgar Bennett ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Income Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

1. **Background:**

Plaintiff's application for DIB was filed on September 10, 2013. (Tr. 11, 154-155). Plaintiff alleged he was disabled due to COPD, heart problems, arthritis, low back pain, high blood pressure, and skeletal musculosa. (Tr. 181). Plaintiff alleged an onset date of March 5, 2011, but was later amended to February 2, 2013. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 11, 106, 110). Thereafter, Plaintiff requested an administrative hearing on his

1

application and this hearing request was granted. (Tr. 112-113).

Plaintiff had an administrative hearing on August 13, 2014. (Tr. 26-63). Plaintiff was present and was represented by counsel, Mima Cazort, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Patricia Kent testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-eight (48) years old, and had obtained a GED. (Tr. 33).

On February 6, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-21). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 2, 2013. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of history of coronary artery disease (CAD) with stent, hypertension, chronic obstructive pulmonary disease (COPD), lumbar degenerative disc disease, degenerative joint disease of the right shoulder, and anterior cruciate ligament (ACL) injury of the left knee. (Tr. 14, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform light work that did not require more than occasional overhead reaching, and in a controlled environment with no exposure to temperature extremes, dust, fumes, or smoke in concentrated amounts. (Tr. 15, Finding 5).

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ found Plaintiff unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a x-ray inspector with approximately 617 such jobs in Arkansas and approximately 44,886 in the nation and extrusion press operator with approximately 524 such jobs in Arkansas and approximately 30,006 in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 2, 2013, through the date of the decision. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On February 17, 2016, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On March 8, 2016, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the weight given the opinions of Plaintiff's physician and (B) in relying on assessments of non-examining physicians. ECF No. 9, Pgs. 2-8. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

### A.  ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ did not give proper weight to the RFC assessment of Dr. Michael Westbrook. ECF No. 9, Pgs 2-7. Specifically, Plaintiff argues the ALJ erred in his treatment of the August 23, 2012, RFC assessment Dr. Westbrook completed, and the limitations specified in the form should have been adopted and included in an RFC determination. *Id.*

To begin with, the Medical Source Statement completed by Dr. Westbrook was a checkbox form regarding Plaintiff's RFC. (Tr. 255-260). These checkbox forms have little evidentiary value. *See Anderson v. Astrue*, 696 F.3d 790 (8th Cir. 2012); *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001).

But even more significant is the fact that the RFC assessment by Dr. Westbrook was completed on August 23, 2012 and outside the relevant time period under consideration. In this matter, the relevant period runs from the amended alleged onset date of February 2, 2013, through the date of the decision of February 6, 2015. Plaintiff's disability status during the period from March 5, 2011, through February 1, 2013, had already been adjudicated with the February 1, 2013, decision of ALJ Ronald Burton denying benefits. (Tr. 65-76).

Finally, in this matter, the ALJ obtained and relied on an October 1, 2014 consultative general physical examination report from Dr. Westbrook, which was prepared following Plaintiff's administrative hearing. (Tr. 315-319). The ALJ provided the post-hearing report to the Plaintiff's attorney, but the attorney did not submit written questions, comments, or request a supplemental hearing. (Tr. 12).

The ALJ committed no error in his treatment of opinions from Dr. Westbrook.

**B. Assessments of Non-examining Physicians**

Plaintiff also argues the ALJ relied on the assessments of the state agency medical consultants, and thereby committing reversible error. ECF No. 9, Pgs 7-8. State agency medical

consultants Dr. Ronald Crow and Dr. Janet Cathey determined in 2013 that Plaintiff was limited to light work. (Tr. 18, 89, 101).

In determining Plaintiff's RFC, the ALJ indicated he gave weight to the 2013 opinions of Dr. Crow and Dr. Cathey, as they were consistent with the overall medical record. (Tr. 18). However, the ALJ did not rely on these reports alone. The ALJ properly considered and gave weight to the opinions of the state agency medical consultants. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ's consideration of the findings of state agency medical consultants Dr. Crow and Dr. Cathey was not error.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **21st day of April 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE